## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Dickerson

v.

Ginder

August 15, 1989

Case No. L-89-303

By JUDGE WILLIAM H. LEDBETTER, JR.

This litigation originated with Mrs. Dickerson's petition in the juvenile and domestic relations district court for a judgment for support arrearage. Mr. Ginder removed the case to this court under Virginia Code Section 16.1-92. Then, at the next docket call after the removal, Mr. Ginder appeared by counsel and requested that the case be set for trial with a jury. A trial date of September 18, 1989, was tentatively assigned, subject to the court deciding certain preliminary issues explained in a letter to counsel dated July 18, 1989. Counsel have submitted their arguments on those preliminary matters.

The source of Mr. Ginder's support obligation is a separation agreement dated August 19, 1980. On April 15, 1983, Mrs. Dickerson filed a petition in the Spotsylvania County Juvenile and Domestic Relations District Court alleging that Mr. Ginder was in arrears in this support. On April 26, 1983, that court entered an order finding that Mr. Ginder was in arrears in the amount of $4,670.00, and ordered that he make specified monthly payments to curtail the arrearage.

On March 10, 1989, Mrs. Dickerson filed a petition for a judgment for the amount of the previously-established arrearage. In response, Mr. Ginder filed an application for removal and an affidavit of substantial defense. On April 20, 1989, the Fredericksburg Juvenile and Domestic

Relations District Court entered an order removing the case to this court.

The parties explain that the Fredericksburg lower court became involved in this case because the case "was transferred to Fredericksburg when Judge Lewis recused herself due to a conflict of interest." A review of the court file indicates that the case was not transferred from Spotsylvania to Fredericksburg; instead, the papers were prepared in such a manner that the record reflects an original filing in Fredericksburg, despite the fact that neither party lives there and the 1983 order establishing the arrearage was entered in Spotsylvania. Nevertheless, for purposes of this opinion, the court will treat the case as having its origin in Spotsylvania.

Actions may be removed from a lower court to the circuit court under § 16.1-92. That statute provides that when the amount in controversy in any *action at law* except cases of unlawful entry and detainer in a *general district court* exceeds the sum of $1,000.00, and application for removal is made as provided in the statute, the action shall be removed to the circuit court having jurisdiction of appeals from the court wherein the action was brought.

Removal is purely statutory. The language of the statute is precise. Removals are available only in *actions at law* in a *general district court*. This is not an action at law, despite the fact that Mrs. Dickerson seeks an in personam judgment. Proceedings in the juvenile and domestic relations district courts involving support, including enforcement of support arrearages under Section 16.1-279(o), are equitable in nature. And, obviously, this case was not removed to this court from a general district court.

For the foregoing reasons, this court is of the opinion that under § 16.1-92 it has no authority to hear and determine the controversy. Mr. Hilldrup will please prepare an order, making reference to this opinion letter, remanding the case to the appropriate juvenile and domestic relations district court for further proceedings.

Because of the court's view of this matter, given the present posture of the case, the question of the litigant's entitlement to a trial by jury under Section 8.01-336 need not be determined.